[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
Plaintiff Rachel Cameron appeals a decision of the commissioner of human resources terminating benefits under the Community Based Services program, administered by the department of human resources. The commissioner acted pursuant to sections 17-570-1 through 17-570-6 of the Regulations of Connecticut State Agencies. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
The essential facts are not in dispute and are fully reflected in the record. The plaintiff suffers from agoraphobia, panic disorder and depression. Since March 1986, the department of human resources has paid the plaintiff $267.89 per month under its Community Based Services program for persons who are physically or mentally disabled. The payments are for procuring such services as household management, meal preparation, household tasks, assistance in bathing, dressing, using the toilet, transportation, and generally assisting in the tasks of adult daily living.
In her final decision in this case, the department's CT Page 4647 hearing officer made the following "Finding of Fact":
 The [plaintiff] suffers from agoraphobia, panic disorder and depression. It is the professional opinion of her physician, Harry E. Morgan, M.D., who has treated the [plaintiff] for the last nine years, that if her husband is unable to provide the responsibilities of 24 hour care to her and such responsibility is given to a non-familiar outside person, the [plaintiff] runs a great risk of decompensating and developing acute symptoms that could lead to hospitalization. . . .
At all times, the plaintiff's husband has been the provider of the services for which the plaintiff has received payments from the department. He has received professional training in the provision of these services to mentally disabled persons such as his wife.
Until 1992, applicable regulations permitted the plaintiff to be compensated for the necessary services procured from her husband. In 1992, the department adopted new regulations. Sections 17-570-1(w)(i)(1) and (2) now provide that a disabled person's spouse may no longer be the "service provider" for whom compensation is payable under the program.
Based on the change in the regulations, summarized above the department notified the plaintiff that it would discontinue paying benefits to her under the Community Based Services program so long as the service provider is her husband. The plaintiff was granted a fair hearing, and the commissioner rendered his final decision terminating benefits for her husband's services. The plaintiff appeals that decision to this court.
The court must first deal with the defendant commissioner's contention that the plaintiff is not aggrieved by the commissioner's decision. "The fundamental test for determining aggrievement encompasses a well settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject CT Page 4648 matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interested . . . has been adversely affected." (Citations and internal quotation marks omitted). [LightRigging Co. v. Dept. of Public Utility Control], 219 Conn. 168,173 (1991).
The commissioner's decision in this case effectively terminated the benefits that the plaintiff had been receiving under the applicable law and regulations. The plaintiff's principal contention in this appeal is that the new regulation, as applied to her specific situation and as enforced through the decision, illegally discriminates against her on the basis of her unique disability. Her claims satisfy the test for establishing aggrievement as set forth in the [Light Rigging] case, supra, and as required by General Statutes § 4-183.
Although the court finds that the plaintiff is aggrieved by the commissioner's decision, it concludes, nevertheless, that her appeal may not be sustained. The plaintiff's asserts two related claims as the bases of her appeal. First, she contends that the commissioner should not have promulgated the regulations in question because they conflict with the department's obligations as the lead agency for providing benefits to the disabled. Secondly, she argues that the regulations discriminate against her on the basis of her disability in violation of state and federal law.
"[A]n administrative agency's regulations are presumed valid and, unless they are shown to be inconsistent with the authorizing statute, they have the force and effect of a statute . . . Moreover, [a] person claiming the invalidity of a regulation has the burden of proving that it is inconsistent with or beyond the legislative grant." (Citations and internal quotation marks omitted.) [Mass. v. United States Fidelity GuarantyCo.] 222 Conn. 631, 649 (1992). General Statutes § 17-571 CT Page 4649 provides that the department "shall (1) provide appropriate services to individuals and families as needed through direct social work services rendered by the department and contracted services from community-based organizations funded by the department. . . ." Section 17-606(a) provides that the department "shall be the lead agency for services to persons with physical or mental disabilities and shall coordinate the delivery of such services by all state agencies servicing persons with disabilities."
As indicated, the regulations in question in this case provide that the department will pay for services rendered to disabled persons except such services as are rendered by the person's spouse or other relative who is legally liable for the person's support. These regulations do not exclude or restrict such payments on the basis of a particular disability or any other protected category. Rather, they limit payment to those cases where the services must be obtained from someone other than a relative who is already legally liable to provide them. Such a limitation is not inconsistent with the department's broad mandate to coordinate the delivery of services to disabled persons.
The plaintiff's contention that the regulations discriminate against her because of her disability is based on the fact that her husband is the most appropriate and perhaps the only person who can be an effective "service provider" for her. The regulations, do not, however, relate to her disability. As indicated above, the effect of the regulations is to limit the scope of the program to paying only for those services that the disabled person procures from sources outside his or her own family. It is, thus, a limitation on the program, not on the disabled person's access to it. The court concludes that the plaintiff has not met her burden of proving the invalidity of the regulations.
The appeal is dismissed.
MALONEY, J. CT Page 4650